**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MARY C. ROBERTS, an individual, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LEFLORE COUNTY HOSPITAL ) <br> AUTHORITY d/b/a EASTERN ) <br> OKLAHOMA MEDICAL CENTER, INC.; ) <br> ROBERTA CHERYL CRAIG, ) <br> individually and in her ) <br> official capacity; ) <br> MELINDA DAVIS, individually ) <br> and in her official capacity; ) <br> and MICHELE D. OGELSBY, ) <br> individually and in her ) <br> official capacity, ) <br> ) <br> Defendants. ) | Case No. CIV-13-189-KEW |

## OPINION AND ORDER

This matter comes before the Court on Defendants' Motion to Dismiss (Docket Entry #31). Plaintiff Mary C. Roberts ("Roberts") originally filed this action on April 26, 2013 and subsequently amended the Complaint on July 11, 2013. The First Amended Complaint states that it "seeks declaratory relief, actual, equitable and liquidated damages, and costs and attorney fees, for violations of the Family and Medical Leave Act, 29 U.S.C. §§ 2611, *et seq.* and for unpaid wages under Oklahoma law." It further states that each of the Defendants meet the definition under the Family and Medical Leave Act ("FMLA") of an "employer." Defendant LeFlore County Hospital Authority d/b/a Eastern Oklahoma Medical

Center, Inc.[1] ("EOMC") allegedly meets the definition by employing in excess of fifty (50) employees during each of twenty (20) or more calendar workweeks in the current preceding calendar year. Defendants Roberta Cheryl Craig ("Craig"), Melinda Davis ("Davis"), and Michele D. Ogelsby ("Oglesby")[2] allegedly meet the definition of an "employer" under 29 U.S.C. 2611(4)(A)(ii)(I) in that they "acted, directly or indirectly, in the interest of an employer to any of the employees, including Plaintiff, of such employer."

In summary, Roberts alleges that on or about August 28, 2008, she became employed by EOMC as Lead Sonographer. On December 13, 2012, Roberts became ill and was admitted to the hospital on December 14, 2012 for emergency surgery. Roberts contends she informed her manager, Craig, of her need for FMLA leave. On December 17, 2012, Oglesby, the Human Resources Manager for EOMC, completed Roberts' paperwork. Roberts asserts she stayed in contact with EOMC "periodically during her leave."

On January 7, 2013, Roberts was released to return to work. Roberts claims that upon her return, she was demoted, transferred to Saturday, Sunday, and Wednesday night shifts, her hours were

---

[1] Defendant EOMC states that Roberts erroneously identified this Defendant as "Eastern Oklahoma Medical Center, Inc." when the entity is, in fact, not incorporated. Should this be the case, Roberts shall amend the First Amended Complaint and correctly identify this Defendant.

[2] Defendant Oglesby states in the Motion that she is mis-identified in Robert's First Amended Complaint as "Michele D. Ogelsby." Presuming this Defendant knows the correct spelling of her name, Roberts shall amend the First Amended Complaint to correctly name this Defendant.

cut, and she was specifically advised by Craig that she was "going to teach her to be a team player." Roberts states that she advised EOMC that she could not work the night shifts "due to her family situation." Roberts contends she was instructed to "take it or leave it." Roberts alleges she had no alternative but to resign her position with EOMC. On January 9, 2012, she submitted a resignation letter and reported the violations to Oglesby in the Human Resources department. She also alleges she reported the problem to EOMC's CEO, Davis. On January 25, 2013, Davis upheld the resignation after investigating Roberts' complaint of FMLA violations.

Roberts asserts she received a performance evaluation in July of 2012 and was advised she would receive a 3% raise but never received the additional amount. She also alleges EOMC failed to provide her with her pay within a reasonable time of her termination of employment as required by the Oklahoma Wage and Hour laws.

In her first claim for relief entitled "Interference with a Protected Right in Violation of 29 U.S.C. § 2615," Roberts alleges she was entitled to 12 weeks of leave because she suffered from a serious health condition that made her unable to perform the functions of her position. She alleges that she was terminated for exercising this right to leave, seeking monetary damages and reinstatement. Roberts specifically states that she seeks money

damages against Craig, Davis, and Oglesby in their individual capacities and a claim for equitable damages, including reinstatement, against Craig, Davis, and Oglesby in their official capacities.

In her second claim for relief entitled "Termination in Violation of 29 U.S.C. § 2615 *et seq.*," Roberts claims that Defendants terminated her employment after receiving notice of her serious medical condition in violation of the FMLA. She makes a claim for money damages against Craig, Davis, and Oglesby in their individual capacities and a claim for equitable damages, including reinstatement, against Craig, Davis, and Oglesby in their official capacities.

In her third claim for relief entitled "Unpaid Wages in Violation of 20 O.S. § 165.3 - 165.9," Roberts asserts EOMC has failed to pay all of the wages she is due subsequent to her termination. Roberts also seeks liquidated damages for the alleged failure to pay wages as well as costs and attorney's fees.

With all three claims, Roberts seeks (1) a declaration that the conduct in which Defendants engaged violated Roberts' rights; (2) an injunction to prevent Defendants from engaging in the conduct alleged; (3) a judgment for Roberts in an amount in excess of $100,000.00 (with the exception of the third claim which seeks an amount in excess of $10,000.00), costs, attorney's fees, and liquidated damages; and (4) with regard to the first two claims,

reinstatement to her former position or front pay in lieu of reinstatement.

Through their pending Motion, Defendants first contend that this Court lacks subject matter jurisdiction over Roberts' First and Second Claims for relief, asserting they are immune from liability under the Self-Care Provision of the FMLA. An assertion of Eleventh Amendment immunity implicates the subject matter jurisdiction of the Court. Dismissal under this theory, therefore, is sought pursuant to Fed. R. Civ. P. 12(b)(1). Rule 12(b)(1) motions generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based. <u>Holt v. United States</u>, 46 F.3d 1000, 1002-03 (10th Cir. 1995)(citation omitted). Defendants challenge the factual basis upon which Roberts asserts subject matter jurisdiction. Although it is unnecessary in relation to this particular Motion, under Rule 12(b)(1), the court is given wide discretion to consider affidavits, documents, and even hold a limited evidentiary hearing in making appropriate factual findings on jurisdictional issues. <u>Wheeler v. Hurdman</u>, 825 F.2d 257, 259 n. 5 (10th Cir. 1987). As with any jurisdictional issue, the party bringing suit bears the burden of proving that sovereign immunity has been waived. <u>James v. United States</u>, 970 F.2d 750, 753 (10th Cir. 1992).

Defendants rely primarily upon the case of Coleman v. Court of Appeals of Maryland, 132 S.Ct. 1327 (2012) to assert that the FMLA does not represent a congressional abrogation of a state's sovereign immunity to be sued for violations of the Act. It is clear from the facts presented that Roberts only asserts a claim under the FMLA's Self-Care Provision found at 29 U.S.C. §2612(a)(1)(D), which permits an employee to take leave "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee."

In Coleman, the United States Supreme Court determined that the Self-Care Provision of the FMLA did not abrogate a state's Eleventh Amendment sovereign immunity. In order to do so under the Fourteenth Amendment, Congress is required to identify more than a "theory for why abrogating the States' immunity aids in, or advances, a stated congressional purpose." Instead, "Congress must identify a pattern of constitutional violations and tailor a remedy congruent and proportional to the documented violations." The Supreme Court found Congress fell short in doing so under the Self-Care Provision of the FMLA. Coleman, 132 S.Ct. at 1338. As a result, it is clear Roberts cannot seek monetary damages against the admitted agency of the State of Oklahoma, EOMC.

Roberts has attempted, however, to carefully craft the remedies sought in this action. She only seeks monetary damages from EOMC in her Third Claim for Relief based upon a violation of

state law - the non-payment of wages under the protections of Okla. Stat. tit. 40 §§ 165.3-165.9. Despite some inarticulate language in the prayers of the First and Second Claims for Relief in the use of the term "Defendants", Roberts expressly limits her relief under the FMLA to the individual Defendants acting individually and officially.

The relief sought from the individual Defendants has two components - monetary damages against them in their individual capacities and prospective equitable relief against them in their official capacities. Each perspective will be examined for viability under the theory espoused in <u>Coleman</u>.

The Tenth Circuit has not squarely answered the question presented as to whether a public employee can be held individually liable for monetary damages under the FMLA. Currently, a split exists between the Circuits on this issue. *Compare* <u>Modica v. Taylor</u>, 465 F.3d 174, 184-86 (5th Cir. 2006) (individual public employees fall within (ii)(I) and may be liable), and <u>Darby v. Bratch</u>, 287 F.3d 673, 680-81 (8th Cir. 2002), *with* <u>Mitchell v. Chapman</u>, 343 F.3d 811, 832 (6th Cir. 2003) (individual public employees do not fall within (ii)(I) and may not be liable), and <u>Wascura v. Carver</u>, 169 F.3d 683, 687 (11th Cir. 1999). *See also* <u>Gray v. Baker</u>, 399 F.3d 1241, 1246-47 (10th Cir. 2005)(court lacked interlocutory appellate jurisdiction over issue of whether individual public employees may be liable under FMLA).

7

The question turns upon whether the FMLA's definition of an employer encompasses individual supervisors and other such persons with managerial authority. The FMLA specifically defines an "employer" as follows:

> (A) In general
>
> The term "employer"—
>
> (i) means any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year;
>
> (ii) includes—
>
> (I) any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer; and
>
> (II) any successor in interest of an employer;
>
> (iii) includes any "public agency", as defined in section 203(x) of this title; and
>
> (iv) includes the Government Accountability Office and the Library of Congress.
>
> (B) Public agency
>
> For purposes of subparagraph (A)(iii), a public agency shall be considered to be a person engaged in commerce or in an industry or activity affecting commerce.

29 U.S.C. § 2611(4).

Before Coleman, the Tenth Circuit determined that state employees from whom monetary damages are sought in their individual capacities under the FMLA cannot enjoy Eleventh Amendment immunity simply because the state may ultimately satisfy any judgment

against them. Cornforth v. Univ. of Okla. Bd. of Regents, 263 F.3d 1129, 1132-33 (10th Cir. 2001). The court, however, did not reach the issue of whether the public employee could be held individually liable, although it would appear to be an academic exercise to reach the conclusion in Conforth if individual liability could not be conferred on public employees.[3]

This Court finds persuasive the arguments contained in the unpublished case of Jeffers v. Redlands Comm. College Bd. of Regents, 2012 WL 137412 (W.D. Okla.) on this issue. The court in Jeffers sided with the Eighth and Fifth Circuits in finding the FMLA's definition of "employer" to be inclusive and, therefore, permitting a suit against individuals, presuming they factually meet the definition of one who "acts, directly or indirectly, in the interest of a[] [public] employer to any of the employees of such employer." *See also* Saavedra v. Lowe's Home Centers, Inc., 748 F.Supp.2d 1273, 1291 (D.N.M. 2010)("The breadth of the statute's plain language suggests that almost any person who 'acts . . . in the interest of the employer' as to 'any of the employees' would qualify as an 'employer.'"). This Court, therefore, concludes that Roberts may pursue Craig, Davis, and Oglesby in

---

[3] In a similar vein, the Tenth Circuit in Gray v. Baker, 399 F.3d 1241 (10th Cir. 2005) declined to exercise interlocutory appellate jurisdiction over a case in which this same issue arose.

9

their individual capacities for monetary damages under the FMLA.[4]

Roberts also seeks prospective equitable relief against Craig, Davis, and Oglesby in their official capacities. In order to fall within an exception for Eleventh Amendment immunity, the relief sought must satisfy the exception under the Ex Parte Young[5] doctrine. Under Ex Parte Young, a claim which seeks prospective relief to end a continuing violation of federal law against an official acting in his official capacity is not barred by the Eleventh Amendment. Diaz v. Michigan Dept. of Corr., 703 F.3d 956, 964 (6th Cir. 2013). A claim for reinstatement constitutes prospective relief. Id. Roberts' claims against Craig, Davis, and Oglesby in their official capacities meet the Ex Parte Young criteria as they are expressly limited to prospective equitable relief in the form of reinstatement and injunctive relief to preclude future violations of her FMLA rights.

Defendants also raise a claim for dismissal based in Fed. R. Civ. P. 12(b)(6) which is strikingly identical to that raised under Rule 12(b)(1) except it employs the plausibility standard utilized in analyzing dismissal under that Rule 12(b)(6). Defendants employ the old standard for evaluating Rule 12(b)(6) motions of the

---

[4] For the first time in their reply, Defendants contend their positions did not function in such a way as to qualify them as "employers" under the FMLA. This Court lacks sufficient factual development to reach this question. The First Amended Complaint contains sufficient information to conclude the individual Defendants meet the definition of under the FMLA.

[5] 209 U.S. 123 (1908).

inability to prove no set of facts to support the claims in the complaint. The correct standard for evaluating Roberts' First Amended Complaint is the plausibility standard enunciated in United States Supreme Court cases of <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009).

Clearly, <u>Bell Atlantic</u> changed the legal analysis applicable to dismissal motions filed under Fed. R. Civ. P. 12(b)(6), creating a "refined standard" on such motions. <u>Khalik v. United Airlines</u>, 671 F.3d 1188, 1191 (10th Cir. 2012)(citation omitted). <u>Bell Atlantic</u> stands for the summarized proposition that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009) quoting <u>Bell Atlantic</u>, 550 U.S. at 570. The Supreme Court did not parse words when it stated in relation to the previous standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" is "best forgotten as an incomplete, negative gloss on an accepted pleading standard." <u>Bell Atlantic</u>, 550 U.S. at 546.

The Tenth Circuit has interpreted the plausibility standard as referring "to the scope of the allegations in the complaint: if they are so general that they encompass a wide swath of conduct,

much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008). The Bell Atlantic case, however, did not intend the end of the more lenient pleading requirements of Fed. R. Civ. P. 8(a)(2). Khalik, 671 F.3d at 1191. Rather, in Khalik, the Tenth Circuit recognized the United States Supreme Court's continued endorsement of Rule 8's "short and plain statement" requirement in the case of Erickson v. Pardus, 551 U.S. 89 (2007) wherein the Supreme Court found "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. at 93. Against this backdrop, Roberts' First Amended Complaint meets the plausibility standard and is not subject to dismissal under Rule 12(b)(6). Moreover, given this Court's ruling on the legal viability of the claims against Defendant, the First Amended Complaint is not subject to dismissal as a matter of law.

Again for the first time, the individual Defendants raise qualified immunity as a defense in their reply to their Motion. Proceeding on a new issue in this fashion is prohibited by this Court's local rules. EDOK LcvR 7.1(k)("Reply briefs regarding new matter in the response brief may be filed . . . ."). Qualified immunity was not raised in either the Motion or Roberts' Response.

Even if this Court were to consider the issue, it is inappropriate at this time. The individual Defendants raise

qualified immunity in the context of Roberts' having no legal basis for bringing a claim for monetary relief against them in light of Coleman.  This Court has found such legal authority does exist and, therefore, the claim of qualified immunity in the manner and form raised by the individual Defendants is not appropriate.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss (Docket Entry #31) is hereby **DENIED**.

IT IS FURTHER ORDERED that Plaintiff Mary C. Roberts shall file a Second Amended Complaint correcting the spelling and identity of the named Defendants as further explained herein no later than **APRIL 2, 2014**.

IT IS SO ORDERED this 26th day of March, 2014.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE